## PATTERSON *vs.* BONNER.

ON A RE-HEARING IN PART.

The vendee in a conditional sale or *vente à rémèré*, has a greater analogy to a usufructuary than to any other bailee of the property of another, as regards the fruits or increase.

Neither the usufructuary or vendee in a sale *à rémèré*, can make the children or young of slaves, born during their possession, *their own*.

In this case a re-hearing was granted " so far as relates to the plaintiff's claim to the children born of the slaves during the time they were in possession of the defendant.

The sole question to be decided here is, do the children or fruits of slaves in a *vente à rémèré*, born or accrued during the time they are in possession of the vendee, belong to the vendor on the redemption, or to the vendee ?

*Elgee*, for the plaintiff.

*Hyams*, for the defendant.

*Martin, J.* delivered the opinion of the court.

WESTERN DIS.
*October*, 1841.

PATTERSON
*vs.*
BONNER.

A re-hearing has been granted on a judgment, which we gave in this case in October, 1839 ; as far as relates to the plaintiff's claim to the children born during the time the slaves were in possession of the defendant. (See 14 La. Rep., 236.) The defendant resists the plaintiff's claim on the ground, that the young of slaves are natural fruits, and further, that they are natural augmentations ; La. Code, 537. It is true, the articles quoted expressly state, *that the children of slaves are natural fruits ;* this is under the title of usufruct ; yet in the preceding article 536, the Code expressly says, that the children of slaves are excepted from the natural fruits, which belong to the usufructuary. From these, it clearly follows, that as far as relates to the usufruct, the children of slaves are not natural fruits. The possession of the vendee in a sale *à rémére* has a greater analogy with that of an usufructuary, than that of any other bailee of the property of another. We therefore think, that the former has the same, but no greater right to the fruits of the thing in his possession than the latter, under the present Civil Code. But the present case is to be tested by the provisions of the former Code, under which this *sale à rémére* was made. That Code does not expressly state, like the present, that the children of slaves are natural fruits, but it places those children on a quite different footing from the young of animals, which both Codes consider as natural fruits. Civil Code, p. 118, art. 42. The law therefore, in regard to the usufructuary was not changed by the new Code, neither do we think, that it was with regard to the vendee in a sale *à rémére ;* neither of them could, nor can make the children born during their possession their own. We conclude therefore, that the plaintiff has a right to recover the children born during the possession of the defendant. This was our opinion, when we gave the judgment ; but the member of this court, who was then our organ, used the expression, "the slaves *named* in the petition," instead of, the slaves *claimed* in the petition.

*The vendee in a conditional sale or vente à rémére, has a greater analogy to a usufructuary than to any other bailee of the property of another, as regards the fruits or increase.*

*Neither the usufructuary or vendee in a sale à rémére, can make the children or young of slaves born during their possession, their own.*

WESTERN DIS.
October, 1841.

It is therefore ordered, that the judgment be amended accordingly, and thus amended, remain in full force.